

**FILED**
**Jun 09, 2025**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Ambar Salvador Hernandez,** | ) | **Docket No. 2024-60-2310** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Redkap Distribution,** | ) | **State File No. 96947-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Indemnity Ins. Co. of North America,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a compensation hearing on June 3, 2025, on Ambar Salvador Hernandez's amount of permanent partial disability benefits. For the reasons below, the Court awards her $5,320.22 and lifetime open medical benefits with Dr. Keith Douglas.

## Claim History

Ms. Salvador Hernandez injured her left wrist while unpacking and lifting boxes at work for Redkap Distribution on September 9, 2019. Redkap accepted the claim and furnished treatment with Dr. Douglas Weikert and Dr. Douglas. She was diagnosed with carpal tunnel and cubital tunnel syndrome. The physicians assigned a combined 3% permanent impairment rating. She returns to Dr. Douglas very soon.

The most recent pronouncement of maximum medical improvement was given on July 19, 2021. Ms. Salvador Hernandez returned to work for Redkap and is earning the same or greater wages than she earned before the injury. Her weekly compensation rate is $394.09.

Ms. Salvador Hernandez testified that the injury has dramatically altered her work and personal life. She disagreed with the combined rating and remains in pain. However, she offered no medical proof to rebut the treating doctors' ratings.

1

## Findings of Fact and Conclusions of Law

Ms. Salvador Hernandez has the burden of proof on every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

The sole issue is permanent partial disability benefits. Section 50-6-204(k)(3) requires treating doctors to assign ratings, and they "shall not consider complaints of pain in calculating the degree of impairment[.]" Subdivision (7) further states that a treating physician's impairment rating "shall be presumed to be accurate," but is rebuttable "by the presentation of contrary evidence."

Here, the doctors have assigned a 3% rating, which is presumed accurate. Ms. Salvador Hernandez offered no contrary medical evidence. Although she credibly testified that she still experiences pain from the work injury, her lay opinion alone is legally insufficient to rebut the presumption of accuracy attached to the doctors' ratings. Therefore, the Court finds that Ms. Salvador Hernandez suffered a 3% permanent impairment.

Section 50-6-207(3)(A) states that her permanent disability award is calculated by multiplying the impairment rating times her compensation rate times 450 weeks, or 3% times $394.09 times 450, which totals $5,320.22. The Court holds she is entitled to a lump-sum payment in that amount. Because it has been more than 180 days since Ms. Salvador Hernandez reached maximum medical improvement and she returned to work on or before that date earning the same or higher wages than before the injury, she is not entitled to increased benefits under subdivision (3)(B).

Finally, Ms. Salvador Hernandez is entitled to lifetime medical benefits with Dr. Douglas for all reasonable, necessary, and work-related treatment for the injury under section 50-6-204.

IT IS ORDERED AS FOLLOWS:

1. Redkap shall pay Ms. Salvador Hernandez lump-sum permanent partial disability benefits of $5,320.22.

2. Redkap shall provide future medical benefits for her left wrist with Dr. Douglas.

3. Redkap shall pay the $150.00 filing fee to the Court Clerk within five days of entry of this order. It shall also file an SD-2 within ten days of this order becoming final. Unless appealed, this order shall become final 30 days after entry.

**ENTERED June 9, 2025.**

*Kenneth M. Switzer*
_____

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on June 9, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Ambar Salvador Hernandez, employee | | X | | 837 Gallavista Ave. Madison, TN 37115 |
| Alex Elder, employer's attorney | | | X | aelder@allensummers.com sthornton@allensummers.com |

*Penny Shrum*

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*